**BAKER & HOSTETLER LLP**
Thomas A. Canova (TC 7270)
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

Deborah A. Wilcox (Ohio Bar No. 0038770)
3200 National City Center
1900 East 9th Street
Cleveland, OH 44114
Telephone: (216) 621-0200
Facsimile: (216) 696-0740

Attorneys for Plaintiff
pediped Infant Footwear LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PEDIPED INFANT FOOTWEAR LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>KUDOS LEATHERGOODS LTD d/b/a JACK<br>AND LILY and ROBERT THOMAS BUELL,<br>Individually,<br><br>      Defendants. | CASE NO. 08-CIV-3572 (LTS)<br><br>**DECLARATION OF DEBORAH A. WILCOX IN<br>SUPPORT OF MOTION FOR CIVIL CONTEMPT,<br>EQUITABLE AND MONETARY SANCTIONS, AND<br>EXPEDITED DISCOVERY** |

I, Deborah A. Wilcox, declare as follows:

1.      I am a partner in the law firm of Baker & Hostetler. Our firm is counsel for Plaintiff pediped

Infant Footwear LLC ("pediped") in this action. I am submitting this Declaration in Support of Plaintiff's

Motion for Civil Contempt, Equitable and Monetary Sanctions, and Expedited Discovery against

Defendants Kudos Leathergoods Ltd d/b/a Jack and Lily ("Kudos") and Robert Thomas Buell ("Buell"). This Declaration is based upon personal knowledge and/or business records of Baker & Hostetler. If called as a witness, I would testify competently to the facts set forth herein.

2.    I focus my practice in the field of trademark, copyright and unfair competition litigation, and have done so for more than 20 years. I co-chair the firm's intellectual property litigation practice.

3.    Kudos has failed to make an appearance in this case and is in default, even though its President has filed an answer and otherwise appeared in the case in his capacity as an individual defendant.

4.    Pediped requires expedited, formal discovery in this case because protracted efforts to exchange information informally have failed, due to the misconduct, lack of candor, and evasiveness of Defendants. Buell (and the defaulting Kudos) have hired a Canadian law firm and then a U.S. law firm as "settlement counsel" with which pediped has engaged in settlement talks since April 17. Kudos has refused to retain any counsel to appear in this case but its President has appeared in the case through yet another law firm. Pediped and its counsel diligently pursued settlement in an attempt to resolve the dispute short of further court intervention—first with Defendants' Canadian "settlement" counsel, and then with their U.S. "settlement" counsel. Throughout the process, pediped's counsel was led to believe that Kudos would be forthright in providing key information so that the parties could reach an amicable resolution. We spent much time and energy devoted to this process, including numerous phone calls, reviewing and drafting letters, drafting and revising a settlement agreement, consent judgment, and two declarations of Buell. Eventually it became apparent that Buell never intended to be forthright. He used the time during the negotiations to obstruct the legal process so that Defendants could continue to profit from sales of the infringing shoes. The relevant correspondence between the parties is set forth as composite Exhibit A hereto.

5.    Kudos' obstructionist conduct is exemplified by four major false statements Kudos made during more than six weeks of settlement talks. First, in an April 28 letter, Kudos' Canadian settlement counsel

Mr. McCloy confirmed that all of the shoes at issue were pre-sold to customers and could not be delivered to pediped, even if pediped paid for them to get them out of the market. Pediped was able, however, to make purchases of the offending shoes right from Kudos' Internet site, <jackandlily.com.> and we so informed Mr. McCloy. Mr. McCloy again confirmed in an April 30 call with me that all 9,500 of the shoes had already been sold. So did Ms. Lal, co-counsel for Kudos, in a May 2 email to me. When I informed Ms. Lal that same day that we could still buy shoes over the Internet at Kudos' site, <jackandlily.com.>, she said she would check into it. It was not until May 5, after I asked yet again about why we could still buy shoes from jackandlily.com, that Ms. Lal finally admitted in an email that Kudos had not pre-sold all of the shoes and that the shoes were available for sale to anyone over the Internet at Kudos' site. On May 8, Mr. McCloy admitted that Kudos was selling shoes directly over the Internet so that it could make more of a profit. Kudos was not truthful on having pre-sold all the shoes.

6.      Second, on April 28, in a letter from Mr. McCloy, Kudos indicated it "agreed" with pediped's request in my April 24 letter to remove the infringing shoes from sale over the Internet. Despite follow up, including emails directed to this "agreement" to remove the shoes from the Internet on May 6, and emails from my partner Ms. Carteen on May 20 and May 23, Kudos kept selling online. As detailed above, Kudos never stopped selling online until after this Court's Injunction Order. Kudos was not truthful about ceasing Internet sales.

7.      The third major occurrence during attempted settlement was when Kudos eventually admitted that there were 4,080 pairs of additional shoes at issue than it had initially revealed. In a conference call on April 18, counsel for Kudos claimed that under 10,000 pairs of shoes were at issue. In letters dated April 21 and 28, Mr. McCloy specified that there were just 9,500 pairs. In our April 30 call, Mr. McCloy again confirmed that there were only 9,500 pairs. In her May 2 email, Ms. Lal said the same. She reiterated that on May 5. And again on May 20. Then on June 2, when settlement terms were nearly agreed upon, Kudos finally decided to come clean and revealed that thousands of more pairs were at issue. Kudos was not truthful about the quantities involved.

8.      Fourth, Kudos agreed in a letter from Mr. McCloy dated April 21 to change the shoe design. On April 30, Mr. McCloy said that Kudos refused to show the new designs to pediped or its counsel. While on May 2, Ms. Lal, co-counsel for Kudos, emailed to me a photograph of prototype shoe, it was for only one style out of the line of 25 shoe styles. After receiving pediped's final settlement terms on June 5, which did not include a release as to the new line of shoes because Kudos had repeatedly refused to reveal them, Kudos finally sent photographs of a couple of other shoes in its "revised" line and asked for a release as to the entire line. Only then was pediped able to learn that Kudos' designs continued to use the same "uppers" that were described in the Complaint and Amended Complaint as infringing upon pediped's distinctive Trade Dress. The "new" shoes were still infringing. Settlement talks ended, given Kudos' rejection of pediped's final settlement terms. Kudos was not truthful about redesigning its line of shoes to non-infringing shoes.

9.      Now, more than a month after the Court's June 19, 2008 Preliminary Injunction Order, and only after Pediped presented evidence of continued sales in violation of the Order, does Mr. Buell admit to continuing to sell the infringing shoes. Mr. Buell represents, through his counsel of record, Mr. Hanlon, that five orders totaling thirty-eight pairs of shoes subject to the injunction have been shipped to the U.S. since June 20, 2008. Mr. Buell further represents that there was only one Kudos employee responsible for shipping, and that Mr. Buell told him orally to ship no more of the subject shoes to the U.S. In addition, Mr. Buell claims that the email messages containing his signature block in the email chain attached as Exhibit 1 to the Declaration of Nancy M. Girouard were not written by him and that all emails that emanate from Kudos contain his signature block. These are mere representations from counsel; no documentation has been produced and there has been no cross-examination to test the veracity of these claimed facts. Too much time has gone by and too many issues have arisen to simply take Mr. Buell at his word on this very serious matter of violating the Court's Injunction.

10.     In sum, the facts surrounding the continued advertising and sales of these shoes and all other accused shoes, including the facts regarding Mr. Buell's actions prior to the Preliminary Injunction and

the "new" shoes that Defendants are planning on selling, need to be discovered, under oath and subject to cross-examination, in order for pediped to provide evidence on the full measure of its damages with respect to its Motion for Contempt.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed at Cleveland, Ohio this 1st day of August, 2008.

Deborah A. Wilcox

088114, 000013, 501996774

# EXHIBIT A



**SHK** | Shapiro Hankinson & Knutson
LAW CORPORATION

REPLY TO:       Roderick H. McCloy
                Associate Counsel*
DIRECT LINE:    604.408.2034
E-MAIL:         RHM@shk.ca
FILE NO.:       16121

April 21, 2008

BY EMAIL (DWILCOX@BAKERLAW.COM)                 WITHOUT PREJUDICE

Baker & Hostetler LLP
3200 National City Center
1900 East 9th Street
Cleveland, OH
44114-3485

**Attention:    Deborah A. Wilcox**

Dear Ms. Wilcox:

**Re:    pediped Infant Footwear LLC v. Kudos Leathergoods Ltd. dba Jack & Lily**

We acknowledge receipt of your letter of April 14, 2008 together with the "Complaint for Trade Dress Infringement, Dilution, and Unfair Competition" (the "Complaint") filed in United States District Court, Southern District of New York, number CIV 3572.

Notwithstanding your statements to the contrary, it is our client's position that the Jack & Lily line of "My Shoes" footwear is not a "rip off" or a copy of pediped Originals line of shoes and packaging.

However, our client has no wish to get into protracted litigation with your client over the Jack & Lily "My Shoes" line. Thus, as generally discussed, we propose the following resolution:

1.    Our client will:

    (a)    cease advertising the current design of the "My Shoes" line and will remove it from its website;

    (b)    cease manufacture of any further shoes in the current design of the "My Shoes" line of infant footwear;

    (c)    cease to take any further orders for the current design of the "My Shoes" line, but will complete its agreed sales and distribution as set out below;

tel. 604.684.0727    SUITE 700, TWO BENTALL CENTRE
fax 604.684.7094     555 BURRARD STREET
www.shk.ca           VANCOUVER, BC CANADA V7X 1M8
                     *denotes Law Corporation

GEN/3827-16121/98635.1

- 2 -

(d)     will change the design of the "My Shoes" line so that it will not be mistaken for your client's Originals line; and

(e)     complete its distribution of the approximate 9500 pairs of "My Shoes" which are already in the distribution system. About 50% of the distribution is in Canada; 10% in China and the balance in the U.S.A.

2.      Your client will dismiss the Complaint.

It is our view that the forgoing is a reasonable resolution to this matter and will avoid an expensive and extended court action.

We look forward to your reply and your client's acceptation.

Yours very truly,

**RODERICK H. MCCLOY LAW CORPORATION**

Per:

Roderick H. McCloy
Barrister & Solicitor

RHM/gf

cc:     Kudos Leathergoods Ltd.

# Baker Hostetler

Baker&Hostetler LLP

3200 National City Center
1900 East 9th Street
Cleveland, OH 44114-3485

T 216.621.0200
F 216.696.0740
www.bakerlaw.com

April 24, 2008

**FACSIMILE 604-684-7094**
**EMAIL RHM@SHK.CA AND REGULAR MAIL**

Deborah A. Wilcox
direct dial: 216.861.7864
dwilcox@bakerlaw.com

**PRIVILEGED SETTLEMENT DISCUSSIONS**

Roderick H. McCloy, Esq.
Roderick H. McCloy Law Corporation
Shapiro Hankinson & Knutson
Suite 700, Two Bentall Centre
555 Burrard St.
Vancouver, BD CANADA V7X 1M8

Re:     *pediped Infant Footwear LLC v. Kudos Leathergoods Ltd. dba Jack and Lily*

Dear Mr. McCloy:

We have reviewed your letter dated April 21, 2008 with our client pediped. While some of the terms of Kudos' settlement proposal meet pediped's requirements, we must clarify some of the terms and pediped demands additional terms in order to forego seeking appropriate relief from the Court. Pediped requires the following for settlement:

1.      (a)      We agree with Kudos' proposal that it "cease advertising the current design of the "My Shoes" line and will remove it from its web site." However, pediped further requires that Kudos cease all use of the designs in advertising, promotional materials, statements and representations. Pediped requests that Kudos do so immediately, while we continue settlement negotiations, as a sign that Kudos is committed to resolving this matter.

        (b)      We agree with Kudos' proposal that it "cease manufacture of any further shoes in the current design of the "My Shoes" line of infant footwear." Kudos must also cease manufacture of its box packaging for the "My Shoes" line. These steps must be taken immediately.

        (c)      We agree with Kudos' proposal that it "cease to take any further orders for the current design of the "My Shoes" line." This must be done immediately. Regarding disposition of shoes currently in transit, see Paragraph 1(e) below.

Roderick H. McCloy, Esq.
April 24, 2008
Page 2

(d)      We agree with Kudos' proposal that it will "change the design of the "My Shoes" line so that it will not be mistaken for [pediped's] Originals line." The designs must be changed so that they are not mistaken with pediped's "Flex" line.  Pediped requires that Kudos submit its revised design drawings and prototypes for the shoes and packaging to pediped for prior written approval that the new designs and packaging are sufficiently distinct so as to avoid a likelihood of consumer confusion.  This is critical for the parties to reach a resolution of this matter.

Kudos' new design and packaging must be at a "safe distance" from its existing "My Shoes" line and pediped's products, or Kudos will benefit from having gained an unfair foothold in the marketplace.

(e)      As for distribution, pediped would agree to purchase Kudos' 9500 pairs of "My Shoes" shoes so that they are out of the market.

2.      Kudos must identify the manufacturer(s) of its "My Shoes" line and provide full contact information.

3.      Kudos must identify all of its sales representatives, and third-party distributors to whom its "My Shoes" line was advertised and/or provided, and retailers which have placed orders for the shoes.

4.      Kudos must send a notice (in a form pre-approved by pediped) to the retailers that the "My Shoes" line of shoes was not authorized by pediped.

5.      Kudos and pediped will execute a Consent Judgment and Permanent Injunction and enter into a Settlement Agreement, which will provide for the above terms, in addition to mutual releases and other standard terms and conditions.

We ask that you provide us with samples of the shoes identified in Exhibit No. 9 to the Complaint, and a sample box.

**Please confirm that you are authorized to accept service of process in this case.**  In the meantime, we are enclosing a courtesy copy of the Court's Scheduling Order.

This offer is open through **3:00 p.m. Eastern Daylight Time, April 29, 2008.**  I also suggest that we have a conference call to discuss these terms at your earliest convenience, so that we can work as expeditiously as possible towards an amicable resolution.  Please let me know your availability on Friday and Monday.

Very truly yours,

Deborah A. Wilcox

DAW/gr

Enclosure

Roderick H. McCloy, Esq.
April 24, 2008
Page 3


cc:    pediped Infant Footwear LLC
       Thomas A. Canova, Esq.


501857085.2, McCloy follow up ltr 042208

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Pediped Infant Footwear LLC
                                        Plaintiff(s),

                    -against-

Kudos Leathergoods Ltd d/b/a Jack and Lily,
                                        Defendant(s).

No. 08 Civ. 3572 (LTS)(THK)

INITIAL CONFERENCE ORDER



LAURA TAYLOR SWAIN, DISTRICT JUDGE:

1.      It is hereby ORDERED that a pre-trial conference shall be held in the above-captioned matter
        on **July 25, 2008 at 2:15 p.m.** in Courtroom No. 17C[1], Daniel Patrick Moynihan U.S.
        Courthouse, 500 Pearl Street, New York, New York 10007.  It is further

2.      ORDERED that counsel[2] for plaintiff(s) shall serve a copy of this Initial Conference Order on
        each defendant within ten (10) calendar days following the date of this order, and that a copy
        of this Initial Conference Order shall also be served with any subsequent process that brings in
        additional parties, and that proof of such service shall be filed with the Court promptly.  It is
        further

3.      ORDERED that counsel for the parties confer preliminarily at least twenty-one (21) days prior
        to the date set forth in paragraph 1 above to discuss the following matters:

        a.      Facts that are not disputed and facts that are in dispute.
        b.      Contested and uncontested legal issues.
        c.      The disclosures required by Fed. R. Civ. P. 26(a)(1).
        d.      Anticipated amendments to the pleadings, and an appropriate deadline therefor.
        e.      Settlement.
        f.      Whether mediation might facilitate resolution of the case.
        g.      Whether the case is to be tried to a jury.
        h.      Whether each party consents to trial of the case by a magistrate judge.
        i.      Anticipated discovery, including discovery of electronically stored information and
                procedures relevant thereto,  and an appropriate deadline for the conclusion of
                discovery.
        j.      Whether expert witness evidence will be required, and appropriate deadlines for expert
                witness discovery.
        k.      Whether dispositive motions may be appropriate, and a deadline for such motions.

        ----

        [1]     On the day of the conference, check the electronic board in the lobby to be certain of
                the proper courtroom.

        [2]     As used in this Order, the term "counsel" shall,  in the case of an individual party who
                is proceeding Pro-se, mean such party.

FORME.WPD        VERSION 06/12/07

l.   Evidence to be presented at trial and the length of time expected to be required for the presentation of evidence at trial.

It is further

4.   ORDERED that counsel for all parties shall confer and shall prepare, execute and file with the Court, with one courtesy copy provided to chambers of the undersigned, no later than seven (7) calendar days before the date set forth in paragraph 1 above a single document captioned PRELIMINARY PRE-TRIAL STATEMENT, which shall be signed by all counsel, which shall set forth the following information, and which shall constitute the written report required by Fed. R. Civ. P. 26(f):

a.   A concise statement of the nature of this action.

b.   A concise statement of each party's position as to the basis of this Court's jurisdiction of the action, with citations to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount.

c.   A concise statement of all material uncontested or admitted facts.

d.   A concise statement of all uncontested legal issues.

e.   A concise statement of all legal issues to be decided by the Court.

f.   Each party's concise statement of material disputed facts.

g.   A concise statement by each plaintiff and each counterclaimant of the legal basis of each cause of action asserted, including citations to all statutes, Federal Rules of Civil Procedure, other rules and case law intended to be relied upon by such plaintiff or counterclaimant.

h.   Each party's concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, Rules, and other applicable regulatory and judicial authority intended to be relied on by such party.

i.   A concise statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense.

j.   Whether and to what extent amendments to pleadings and/or the addition or substitution of parties will be required, and proposed deadlines therefor.

k.   A statement as to whether all parties consent to transfer of the case to a magistrate judge for all purposes, including trial (without identifying which parties have or have not so consented).

l.   What, if any, changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), including a statement as to when any disclosures required under Fed. R. Civ. P. 26(a)(1) were made or will be made.

m.   The subjects on which disclosure may be needed and a proposed discovery cut-off date.

n.   Whether and to what extent expert evidence will be required, and proposed deadlines for expert discovery.

o.   What, if any, changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of court, and what other limitations should be imposed.

p.   The status of settlement discussions and the prospects for settlement of the action in whole or in part, provided that the Preliminary Pre-Trial Statement shall not disclose to the Court specific settlement offers or demands.

q.  A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days expected to be needed for presentation of that party's case.

r.  Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).

It is further

5.  ORDERED  that counsel shall be prepared to discuss the foregoing at the pre-trial conference, as well as whether a reference to the Magistrate Judge or to mediation may be helpful in resolving this case, and anticipated dispositive motions and a deadline therefor.  It is further

6.  ORDERED that counsel attending the pre-trial conference shall seek settlement authority from their respective clients prior to such conference.  "Settlement authority," as used herein, includes the power to enter into stipulations and make admissions regarding all matters that the participants may reasonably anticipate discussing at the pre-trial conference including, but not limited to, the matters enumerated in the preceding paragraphs.

7.  In the event that any party fails to comply with this Order, the Court may impose sanctions or take other action as appropriate.  Such sanctions and action may include assessing costs and attorneys' fees, precluding evidence or defenses, dismissing the action, and/or the imposition of other appropriate penalties.

8.  This case has been designated an electronic case.  Counsel for all parties are required to register as filing users in accordance with the Procedures for Electronic Case Filing promptly upon appearing in the case.

IT IS SO ORDERED.

Dated: New York, New York
       April 21, 2008

LAURA TAYLOR SWAIN
United States District Judge

**Wilcox, Deborah**

<u>ATTACHMENTS REDACTED</u>

| | |
|---|---|
| **From:** | Seema Lal [SL@shk.ca] |
| **Sent:** | Friday, May 02, 2008 4:08 PM |
| **To:** | Wilcox, Deborah |
| **Cc:** | rob@jackandlily.com; Roderick McCloy |
| **Subject:** | Pediped/Jack and Lily |

**Without Prejudice**

Deborah;

The writer is overseeing the above matter in Rod McCloy's absence (Rod is back in the office on Tuesday, May 6).

Further to your telephone conversation with Rod of Wednesday, we have now had an opportunity to discuss the issues raised during the conversation with our client and advise as follows:

(a) we confirm that our client only has 9,500 pairs of the shoes and further confirm that all of these have been sold;

(b) I attach photographs showing the shoe shape of the new design;

(c) as indicated in our letter dated April 28, we do not understand why your client requires a sample shoe or a sample box and our client is not agreeable to providing these to you at this time;

(d) our client is agreeable to providing to you a draft of the letter it proposes to send to its sales representatives and distributors on the basis that this documents will be reviewed solely by you and that it will not be shown to your client or any other third party (i.e. the draft will be for "attorney eyes only");

(e) our client is not agreeable to agreeing to a Consent Judgment or a Permanent Injunction in favour of Pediped. In our view this would be contrary to the intention by the parties to achieve a confidential settlement of this matter without any admission of liability.

We look forward to hearing from you after you have had an opportunity to discuss the above with your client.

Regards,

Seema Lal

Seema Lal
Barrister & Solicitor

**Shapiro Hankinson & Knutson Law Corporation**
700-555 Burrard Street,
Vancouver, BC V7X 1M8

**Phone:**   (604)684-0727
**Fax:**      (604)684-7094
**E-mail:** slal@shk.ca
**Web:**    shk.ca

This message is intended only for the use of the individual or entity to which it is addressed. The message, and any accompanying attachments, may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by return email and kindly delete this message from your system. Thank you.

**Wilcox, Deborah**

| | |
|---|---|
| **From:** | Seema Lal [SL@shk.ca] |
| **Sent:** | Monday, May 05, 2008 6:27 PM |
| **To:** | Wilcox, Deborah |
| **Cc:** | rob@jackandlily.com; Roderick McCloy |
| **Subject:** | RE: Pediped/Jack and Lily |

**Without Prejudice**

Deborah;

Further to your email, to clarify the issue of the shoes still being on the website,  our client advises that of the 9,500 pairs they had, they held back approximately 1,000 pairs to sell on-line to their retail customers (i.e. 8,500 pairs have been sold and shipped to their wholesale customers) and that is why the shoes appear on the website.

With respect to the website coming down, our client is prepared to shut down the website as soon as an agreement is achieved between our clients.

Regards,

Seema


Seema Lal
Barrister & Solicitor

**Shapiro Hankinson & Knutson Law Corporation**
700-555 Burrard Street,
Vancouver, BC V7X 1M8

**Phone:**   (604)684-0727
**Fax:**     (604)684-7094
**E-mail:** slal@shk.ca
**Web:**   shk.ca


>>> "Wilcox, Deborah" <DWilcox@bakerlaw.com> 5/5/2008 2:41 PM >>>
Dear Ms. Lal,

I am following up on my email from Friday.  The jackandlily.com website is still offering the offending items for sale in all sizes and designs, so they are not sold out.  Do you have an explanation from your client?  We understood from Mr. McCloy's letter of April 28, point #1(a), that the website would come down, and under #1(e) that all the shoes had been pre-sold.  To continue to have any meaningful settlement talks, we need to get some straight answers and see some change on the website.

I'm available tomorrow for discussion but please forward to me any information you may have in the meantime.
Regards, Deborah

-----Original Message-----
From: Wilcox, Deborah
Sent: Friday, May 02, 2008 8:17 PM
To: 'SL@shk.ca'
Cc: 'rob@jackandlily.com'; 'rhm@shk.ca'

5/7/2008

Subject: Re: Pediped/Jack and Lily

Dear Ms Lal,

We are reviewing your email and attachments, but note in the meantime that the shoes are still available for purchase on the jackandlily.com website. So, it doesn't seem possible that they are all "sold." This makes no sense. We need the website to come down immediately. We also need to know how many shoes are available for purchase through the site. Regards, Deborah Wilcox

----- Original Message -----
From: Seema Lal <SL@shk.ca>
To: Wilcox, Deborah
Cc: rob@jackandlily.com <rob@jackandlily.com>; Roderick McCloy <RHM@shk.ca>
Sent: Fri May 02 16:08:00 2008
Subject: Pediped/Jack and Lily

Without Prejudice

Deborah;

The writer is overseeing the above matter in Rod McCloy's absence (Rod is back in the office on Tuesday, May 6).

Further to your telephone conversation with Rod of Wednesday, we have now had an opportunity to discuss the issues raised during the conversation with our client and advise as follows:

(a) we confirm that our client only has 9,500 pairs of the shoes and further confirm that all of these have been sold;

(b) I attach photographs showing the shoe shape of the new design;

(c) as indicated in our letter dated April 28, we do not understand why your client requires a sample shoe or a sample box and our client is not agreeable to providing these to you at this time;

(d) our client is agreeable to providing to you a draft of the letter it proposes to send to its sales representatives and distributors on the basis that this documents will be reviewed solely by you and that it will not be shown to your client or any other third party (i.e. the draft will be for "attorney eyes only");

(e) our client is not agreeable to agreeing to a Consent Judgment or a Permanent Injunction in favour of Pediped. In our view this would be contrary to the intention by the parties to achieve a confidential settlement of this matter without any admission of liability.

We look forward to hearing from you after you have had an opportunity to discuss the above with your client.

Regards,

Seema Lal

Seema Lal
Barrister & Solicitor _____
Shapiro Hankinson & Knutson Law Corporation
700-555 Burrard Street,
Vancouver, BC V7X 1M8

5/7/2008

Phone:  (604)684-0727
Fax:     (604)684-7094
E-mail: slal@shk.ca
Web:     shk.ca

This message is intended only for the use of the individual or entity to which it is addressed. The message, and any accompanying attachments, may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by return email and kindly delete this message from your system. Thank you.
-------------------------------------------------------

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law.  If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.
-------------------------------------------------------

This message is intended only for the use of the individual or entity to which it is addressed. The message, and any accompanying attachments, may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by return email and kindly delete this message from your system. Thank you.

## Wilcox, Deborah

| | |
|---|---|
| **From:** | Seema Lal [SL@shk.ca] |
| **Sent:** | Tuesday, May 06, 2008 6:52 PM |
| **To:** | Wilcox, Deborah |
| **Cc:** | Roderick McCloy |
| **Subject:** | RE: Pediped/Jack and Lily |

Deborah;

We will discuss with our client and give you a call tomorrow.

Regards,

Seema


Seema Lal
Barrister & Solicitor

**Shapiro Hankinson & Knutson Law Corporation**
700-555 Burrard Street,
Vancouver, BC V7X 1M8

**Phone:** (604)684-0727
**Fax:** (604)684-7094
**E-mail:** slal@shk.ca
**Web:** shk.ca


>>> "Wilcox, Deborah" <DWilcox@bakerlaw.com> 5/6/2008 3:23 PM >>>
Dear Ms. Lal,

In my April 24 letter to Mr. McCloy, under point 1(a), we requested an immediate cessation of advertising of the offending shoes as a sign that Kudos was committed to continue settlement talks. Mr. McCloy responded that Kudos agreed to that term, and also indicated that all the product had been sold. We now hear from Kudos that at least 1,000 pairs of shoes continue to be offered for sale through the online advertising (and perhaps other channels). This is not the type of good faith negotiations we anticipated and our level of trust in attempting to resolve this amicably has been severely eroded.

When are you and/or Mr. McCloy available to talk tomorrow? Regards, Deborah


    -----Original Message-----
    **From:** Seema Lal [mailto:SL@shk.ca]
    **Sent:** Monday, May 05, 2008 6:27 PM
    **To:** Wilcox, Deborah
    **Cc:** rob@jackandlily.com; Roderick McCloy
    **Subject:** RE: Pediped/Jack and Lily


    **Without Prejudice**

    Deborah;

Further to your email, to clarify the issue of the shoes still being on the website, our client advises that of the 9,500 pairs they had, they held back approximately 1,000 pairs to sell on-line to their retail customers (i.e. 8,500 pairs have been sold and shipped to their wholesale customers) and that is why the shoes appear on the website.

With respect to the website coming down, our client is prepared to shut down the website as soon as an agreement is achieved between our clients.

Regards,

Seema



Seema Lal
Barrister & Solicitor
_____

**Shapiro Hankinson & Knutson Law Corporation**
700-555 Burrard Street,
Vancouver, BC V7X 1M8

**Phone:**   (604)684-0727
**Fax:**       (604)684-7094
**E-mail:**  slal@shk.ca
**Web:**     shk.ca


>>> "Wilcox, Deborah" <DWilcox@bakerlaw.com> 5/5/2008 2:41 PM >>>
Dear Ms. Lal,

I am following up on my email from Friday. The jackandlily.com website is still offering the offending items for sale in all sizes and designs, so they are not sold out. Do you have an explanation from your client? We understood from Mr. McCloy's letter of April 28, point #1(a), that the website would come down, and under #1(e) that all the shoes had been pre-sold. To continue to have any meaningful settlement talks, we need to get some straight answers and see some change on the website.

I'm available tomorrow for discussion but please forward to me any information you may have in the meantime. Regards, Deborah

-----Original Message-----
From: Wilcox, Deborah
Sent: Friday, May 02, 2008 8:17 PM
To: 'SL@shk.ca'
Cc: 'rob@jackandlily.com'; 'rhm@shk.ca'
Subject: Re: Pediped/Jack and Lily


Dear Ms Lal,

We are reviewing your email and attachments, but note in the meantime that the shoes are still available for purchase on the jackandlily.com website. So, it doesn't seem possible that they are all "sold." This makes no sense. We need the website to come down immediately. We also need to know how many shoes are available for purchase through the site. Regards, Deborah Wilcox

----- Original Message -----
From: Seema Lal <SL@shk.ca>
To: Wilcox, Deborah
Cc: rob@jackandlily.com <rob@jackandlily.com>; Roderick McCloy <RHM@shk.ca>
Sent: Fri May 02 16:08:00 2008

5/7/2008

Subject: Pediped/Jack and Lily

Without Prejudice

Deborah;

The writer is overseeing the above matter in Rod McCloy's absence (Rod is back in the office on Tuesday, May 6).

Further to your telephone conversation with Rod of Wednesday, we have now had an opportunity to discuss the issues raised during the conversation with our client and advise as follows:

(a) we confirm that our client only has 9,500 pairs of the shoes and further confirm that all of these have been sold;

(b) I attach photographs showing the shoe shape of the new design;

(c) as indicated in our letter dated April 28, we do not understand why your client requires a sample shoe or a sample box and our client is not agreeable to providing these to you at this time;

(d) our client is agreeable to providing to you a draft of the letter it proposes to send to its sales representatives and distributors on the basis that this documents will be reviewed solely by you and that it will not be shown to your client or any other third party (i.e. the draft will be for "attorney eyes only");

(e) our client is not agreeable to agreeing to a Consent Judgment or a Permanent Injunction in favour of Pediped. In our view this would be contrary to the intention by the parties to achieve a confidential settlement of this matter without any admission of liability.

We look forward to hearing from you after you have had an opportunity to discuss the above with your client.

Regards,

Seema Lal



Seema Lal
Barrister & Solicitor _____
Shapiro Hankinson & Knutson Law Corporation
700-555 Burrard Street,
Vancouver, BC V7X 1M8

Phone:   (604)684-0727
Fax:       (604)684-7094
E-mail:  slal@shk.ca
Web:     shk.ca


This message is intended only for the use of the individual or entity to which it is addressed. The message, and any accompanying attachments, may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by return email and

kindly delete this message from your system. Thank you.
--------------------------------------------------------

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.
--------------------------------------------------------

This message is intended only for the use of the individual or entity to which it is addressed. The
message, and any accompanying attachments, may contain information that is privileged, confidential
and exempt from disclosure under applicable law. If the reader of this message is not the intended
recipient, or the employee or agent responsible for delivering the message to the intended recipient, you
are notified that any dissemination, distribution or copying of this communication is strictly prohibited. If
you have received this communication in error, please notify the sender immediately by return email and
kindly delete this message from your system. Thank you.
--------------------------------------------------------------------------------------

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.
----------------------------------------------------------------------------------------

This message is intended only for the use of the individual or entity to which it is addressed. The message, and
any accompanying attachments, may contain information that is privileged, confidential and exempt from
disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or
agent responsible for delivering the message to the intended recipient, you are notified that any dissemination,
distribution or copying of this communication is strictly prohibited. If you have received this communication in
error, please notify the sender immediately by return email and kindly delete this message from your system.
Thank you.

**Rothhaas, Gloria**

| | |
|---|---|
| **From:** | Carteen, Lisa |
| **Sent:** | Friday, May 23, 2008 7:12 PM |
| **To:** | 'RHM@shk.ca'; 'SL@shk.ca' |
| **Cc:** | Wilcox, Deborah |
| **Subject:** | Re: pediped v. Kudos Leathergoods Ltd. dba Jack and Lily: redraft of consent judgment |

PRIVILEGED SETTLEMENT DISCUSSIONS

Rod and Seema,

We cannot extend the Monday, May 26, 2008 12:00 p.m. PDT deadline.  The proposed Consent Judgment consists of standard provisions.  Pediped has been negotiating in good faith to reach a resolution with Jack and Lily.  Our client's market intelligence is that Jack and Lily shows no indication of even a slowdown in advertising, selling and/or referring to its "My Shoes" as being "like pediped," all of which are inconsistent with a claim that only a few thousand shoes are being distributed in the US.

We see no efforts on damage control.  For example, Rod represented to Deborah Wilcox that the My Shoes advertising on the website would be down as soon as the web designer redid the website, not when the settlement agreement was signed.  At this point, we need a firm date by when the website is coming down and need to see purchase orders and invoices on the numbers of shoes available in the US market.  While we want to work this out if possible, we need these forthright assurances.

Deborah and I are available for a call with you on Monday, May 26 to discuss these issues.

On a separate point, I am attaching a copy of pediped's First Amended Complaint to this email, which we filed with the Court today.  Since the exhibits are the same as those filed with the Complaint, I am not attaching the exhibits to this email.

Sincerely yours,

Lisa

**Lisa I. Carteen, Esq.**
Baker & Hostetler LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA 90025-7120
310-979-8450 (Direct)
310-820-8800 (Main)
310-820-8859 (Fax)

---

From: Seema Lal [mailto:SL@shk.ca]
Sent: Friday, May 23, 2008 2:00 PM
To: Carteen, Lisa
Cc: Info @ Jack & Lily; Canova, Thomas; McCloy, Roderick; Wilcox, Deborah
Subject: Re: pediped v. Kudos Leathergoods Ltd. dba Jack and Lily: redraft of consent judgment

Without Prejudice

5/24/2008

Lisa;

Further to your email of yesterday attaching a redraft of the Consent Judgment, we are in the process of reviewing the same with our client nd would appreciate if you could extend the deadline for our response to the same until 5:00 pm on Tuesday, May 27.   In the interim, we ould also appreciate if you could advise what pediped's intentions are with respect to the use of the Consent Judgment.  Our client is concerned about pediped distributing this letter to its retailers etc. which could lead to our client's reputation being damaged.  I would appreciate hearing from you with respect to this issue as soon as possible.

Also, as previously discussed, the following is the wording that will be included in the letter that our client will be sending to its retailers etc. advising that they will no longer be offering the current design of the "My  Shoes" line (I confirm that this is to be for "attorney-eyes" only as previously discussed):

Also, further to our email dated May 2 to Ms. Wilcox attaching photographs of the shoe shape of the new design,  we confirm that pediped is not taking any issue with this new design.

I look forward to hearing from you.

Regards,

Seema Lal


Seema Lal
Barrister & Solicitor

Shapiro Hankinson & Knutson Law Corporation
700-555 Burrard Street,
Vancouver, BC V7X 1M8

Phone:   (604)684-0727
Fax:       (604)684-7094
E-mail:  slal@shk.ca
Web:   shk.ca


>>> "Carteen, Lisa" <LCarteen@bakerlaw.com> 5/22/2008 5:56 PM >>>

PRIVILEGED SETTLEMENT DISCUSSIONS

Rod and Seema,

Please see my attached letter and redraft of the consent judgment.  We still have not heard back from you regarding the other issues referenced in my email dated May 20.

In the event you are unable to review my attached letter, I am also pasting the contents of my letter below.

Sincerely yours,

Lisa

Lisa I. Carteen, Esq.

5/24/2008

Baker & Hostetler LLP

12100 Wilshire Boulevard, 15th Floor

Los Angeles, CA 90025-7120

310-979-8450 (Direct)

310-820-8800 (Main)

310-820-8859 (Fax)


Dear Rod:

We have reviewed Jack and Lily's proposed changes to the Consent Judgment we sent you on May 14, 2008, and discussed them with our client. Attached is our redraft. Your objections to unequivocally standard boilerplate provisions and language are completely unacceptable.

That said, in furtherance of pediped's good faith negotiations, we have agreed to many of your suggested revisions, including the omission of former Paragraph 3 of the Order.

Absent your confirmation of your client's agreement to the attached revised Consent Judgment by Monday, May 26, 2008 at 12:00 p.m. PDT, our settlement negotiations are suspended.

Nothing in this communication should be construed as pediped's waiver, relinquishment or election of rights, defenses or remedies, all of which are hereby expressly reserved.

Sincerely,

Lisa I. Carteen

of Baker & Hostetler LLP


---

From: Seema Lal [mailto:SL@shk.ca]
Sent: Tuesday, May 20, 2008 5:48 PM
To: Carteen, Lisa
Cc: Canova, Thomas; McCloy, Roderick; Wilcox, Deborah
Subject: Re: pediped v. Jack and Lily: consent judgment


Lisa;

I now attach a marked-up version of the draft Consent Judgment.

With respect to the website, as previously discussed with Ms. Wilcox, the website will come down as soon as a settlement is reached with respect to this matter. Further, as previously advised, our client does not have any more than the 9,500 pairs. We are following up with our client on the other issues set out in your email and will get back to you on those tomorrow.

Regards,

Seema


Seema Lal

5/24/2008

Barrister & Solicitor

---

Shapiro Hankinson & Knutson Law Corporation
700-555 Burrard Street,
Vancouver, BC V7X 1M8

Phone:   (604)684-0727
Fax:       (604)684-7094
E-mail:  slal@shk.ca
Web:     shk.ca

>>> "Carteen, Lisa" <LCarteen@bakerlaw.com> 5/20/2008 2:26 PM >>>

Rod and Seema,

    You and your client have had nearly a week to review the draft Consent Judgment.  Further, when Rod and Deb spoke on May 12, Rod promised to call your client that same day and get back to us on the steps Jack and Lily is taking regarding the website and instructing its salespeople.  As of this date, we have not heard back from you on any of these issues.

    Your promise to "endeavor" to get back to us with your thoughts about the draft Consent Judgment is not sufficient.  Please provide us with any proposed revisions you may have no later than 5 p.m. PDT tomorrow (May 21).

    Sincerely yours,

    Deborah and Lisa

    Deborah Wilcox
    Lisa Carteen
    Baker & Hostetler LLP

        <mailto:lcarteen@bakerlaw.com>

---

From: Seema Lal [mailto:SL@shk.ca]
Sent: Friday, May 16, 2008 3:47 PM
To: Wilcox, Deborah; Carteen, Lisa
Cc: McCloy, Roderick
Subject: Re: Fwd: pediped v. Jack and Lily: Consent Judgment

Deborah/Lisa;

    Further to Lisa's email to Rod of May 14, we are in the process of reviewing the form of Consent Judgment prepared by you and will endeavour to provide you with our thoughts with respect to the same early next week.

    Regards,

    Seema Lal

    Seema Lal
    Barrister & Solicitor

---

Shapiro Hankinson & Knutson Law Corporation
700-555 Burrard Street,
Vancouver, BC V7X 1M8

Phone:   (604)684-0727
Fax:       (604)684-7094
E-mail:  slal@shk.ca

5/24/2008

Web:    shk.ca

>>> Roderick McCloy 5/16/2008 3:11 PM >>>

>>> "Carteen, Lisa" <LCarteen@bakerlaw.com> 14/05/2008 5:56 pm >>>

Rod,

My partner Deborah Wilcox asked that I forward the attached Consent Judgment to you. It includes the provisions you specifically discussed with Deborah on May 12.

Please let us know if the Consent Judgment meets with your client's approval. We will then draft the accompanying Settlement Agreement and forward it to you.

Regards,

Lisa Carteen

My Bio <http://www.bakerlaw.com/FindLawyers.aspx?Lookup_By_Email=lcarteen>   |   Web site <http://www.bakerlaw.com/>   |   V-card <http://www.bakerlaw.com/vcards/lcarteen.vcf>

T 310.979.8450
F 310.820.8859

www.bakerlaw.com <http://www.bakerlaw.com/>

Lisa Carteen
lcarteen@bakerlaw.com <mailto:%20lcarteen@bakerlaw.com>

Baker & Hostetler LLP
12100 Wilshire Blvd., 16th Floor
Los Angeles, California 90025


<http://www.bakerlaw.com/>

---

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

---

5/24/2008

This message is intended only for the use of the individual or entity to which it is addressed. The message, and any accompanying attachments, may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are notified t any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, .ase notify the sender immediately by return email and kindly delete this message from your system. Thank you.

---

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

---

This message is intended only for the use of the individual or entity to which it is addressed. The message, and any accompanying chments, may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by return email and kindly delete this message from your system. Thank you.

---

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

---

This message is intended only for the use of the individual or entity to which it is addressed. The message, and any accompanying attachments, may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by return email and kindly delete this message from your system. Thank you.

## Wilcox, Deborah

**From:** Seema Lal [SL@shk.ca]

**Sent:** Monday, June 02, 2008 8:21 PM

**To:** Wilcox, Deborah

**Subject:** RE: Settlement Response (Your File: 16121)

**Without Prejudice**

Deborah;

In the interests of being completely forthright with respect to this matter, my clients have instructed me to advice you that my clients have now received a shipment of 4,050 pairs of shoes that were manufactured using the "old" design. This was a mistake entirely on the part of the factory who manufactured the shoes as Mr. Buell had made it very clear to the manufacturers that the order for the 4,050 pairs was to be based on the "new" design (i.e.as indicated in the photos previously provided to you). I have attached a copy of the email from Mr. Buell to his agent in which Mr. Buell specifically indicates that the new order should be manufactured based on the "new" design (I have redacted the agent's email address).

Mr. Buell has had discussions with the manufacturers in China and has demanded that they accept the shoes back and refund the amounts that have already been paid for the shoes, however, the manufacturers have refused to accept a return of the 4,050 pairs and/or refund Mr. Buell the amounts that he has paid for the shoes (which have been paid for in full, including shipping and duty costs).

Nothing has been done with the 4,050 pairs i.e. they have not been marketed or offered for sale or shipped to anyone, at this point.

As indicated above, my clients instructed me to share this information with you (and your client) as they want to be completely forthright and up front about this situation, which occurred through no fault on their part.

In the interests of resolving this situation in a reasonable manner, my clients are prepared to offer your client the right to purchase the 4,050 pairs at $15/pair. We believe that this would be the most practical solution to this issue that has come up, in light of the fact that my clients have already paid for the shoes. My clients are not prepared to simply destroy the shoes and I can advise, off the record, that my clients have indicated that they would rather spend the money they would be out if they had to destroy the shoes, on a lawyer to defend the action if pediped is not prepared to buy the shoes (or allow my clients to deal with them).

As indicated in all my previous emails, my clients are still eager and interested in attempting to negotiate a reasonable resolution of this matter and are hopeful that the same can be achieved shortly.

I have also attached an image of the box shape as previously requested.

I look forward to hearing from you once you have received instructions from your client.

Regards,

Seema

P.S. As I was finishing the drafting of this email, I noticed your email that you just sent with a revised version of the settlement agreement. I will review same with my client and get back to you as soon as possible.

Seema Lal - RE: shoe design

| | |
|---|---|
| **From:** | "Info @ Jack & Lily" <info@jackandlily.com> |
| **To:** | "'Miranda Ran'" ████████████████ |
| **Date:** | 4/16/2008 8:48 AM |
| **Subject:** | RE: shoe design |
| **Attachments:** | IMG_0130.jpg |

Dear Miranda,

Thank you very much and you deserve a bit HUG! I was speaking with Mr. Leong and we are both very grateful for your assistance and the amount of work you have done on our behalf. As long as things continue to grow with our company we will not forget the efforts you have put forth and we will continue to work with you for many years in the future.

We would like to change the 4,080 order to the new sole (see attached photo) and the new shape moulding. Please make sure the sizing of the new shape moulding is the same as the original shape moulding (if anything we would prefer each size to be a little larger but definitely not smaller). The new shape moulding you emailed looks smaller than the original shape moulding but I assume it is because it is a different size.

Please send samples immediately so we can approve before production. Send as many as possible with the new sole and new shape moulding. We would definitely like to see samples of #171, #303, #402, #411, #252 but if you can make more that would be appreciated. If possible, please make a boot sample with the new sole but you do not need to change the shape of the boot. Please send by overnight courier and we will pay you the freight cost with our next t/t.

If the curve of the opening of the shoe is the same as Pediped, please make it different. For future orders, we will probably make some additional minor changes to the shape of the shoe to avoid any further issues with Pediped. Pediped is very serious with their lawsuit and we need to make sure we are protected in everyway possible.

Best regards,

Rob Buell
tel. 604.254.6900
email: info@jackandlily.com
website: www.jackandlily.com

JACK & LILY

discover touch smile

**Voted #1 Baby / Kids Brand in Canada by retailers within North America
2007 Earnshaw's magazine (Earnie Awards)**

## Earnshaw's

The premier media resource serving the children's market, including apparel, juvenile products and gifts. With more than 90 years of experience, the magazine is the established voice of the industry. More than 13,000 decision makers rely on *Earnshaw's* print vehicle, online communications, fashion events and seminars to hone their retail strategies and merchandising techniques, stay informed on the latest trends keep their assortments fresh.

**From:** Miranda Ran ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Sent:** Tuesday, April 15, 2008 9:46 PM
**To:** Info @ Jack & Lily
**Subject:** Re: shoe design

Dear Rob,
Thanks for your reply.
Mr. Leong called me today, I knew what¡¯s the problem.
I will send some new upper shape and sole shape to you as soon as possible, but how about the second massing production (4080 pairs)? Do you need shipping the second order according to the original plan? Or change them in next order?
The packaging factory didn¡¯t send enough boxes to factory, so the shipping date will be later. (29th April)

I have arranged send the original B/L (first order) to you.
Any problem, please feel free to contact me.

Best regards
Miranda