UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEDIPED INFANT FOOTWEAR LLC,

    Plaintiff,

v.

KUDOS LEATHERGOODS LTD d/b/a JACK AND LILY and ROBERT THOMAS BUELL, Individually,

    Defendants

08-CIV-3572 (LTS)

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CIVIL CONTEMPT, EQUITABLE AND MONETARY SANCTIONS, AND EXPEDITED DISCOVERY

Defendant, through his attorneys, Alston & Bird LLP, submits the following Memorandum in Opposition to Plaintiff's Motion For Civil Contempt, Equitable And Monetary Sanctions, And Expedited Discovery ("Motion for Contempt").

Plaintiff, in filing this Motion for Contempt, continues its total lack of good faith by failing to attempt to resolve this issue without resort to motion practice or resolve this matter in general. Plaintiff has escalated a minor, inadvertent violation of the injunction entered in this action into a life or death event.

As Defendant made clear to Plaintiff's counsel prior to the filing of this Motion for Contempt, Defendant has taken substantial measures to ensure that the allegedly infringing shoes were not sold into the United States. In fact, Defendant has over $15,000 in purchase orders for these shoes that it has not shipped since the injunction. *See* Declaration of Robert T. Buell ("Buell Dec."), filed herewith at ¶6. Due to an internal miscommunication, 80 pairs of these shoes, were inadvertently shipped into the United States, not by Robert T. Buell, himself, but by the shipper in his office. Buell

Dec. ¶3. The orders for these 80 pairs of shoes were shipped without Mr. Buell's knowledge. *Id.* The total value of the 80 pairs of shoes is $1,200. Buell Dec. ¶4.

Prior to the filing of this Motion, Defendant had investigated why this occurred, provided a detailed explanation to Plaintiff as to how it occurred, had taken additional precautionary measures to insure that it will not occur again, and had offered to provide Plaintiff with not only its profits on the sale, but the full value of the product shipped after the injunction. In addition, Mr. Buell offered to provide Plaintiff with a sworn declaration attesting to the above. This offer was rejected by Plaintiff. *See* Declaration of Robert E. Hanlon, filed herewith, at Ex. 1.

In response, Plaintiff makes unreasonable and completely overreaching demands of Defendant, as it has continued to do throughout this dispute.[1] In response to Defendant's offer to provide the relief as detailed above, Plaintiff demanded at 5:01 pm on July 31, 2008 that by noon the next day Defendant must agree to among other things: (1) expedited discovery; (2) an audit of Defendant's books by a CPA of Plaintiff's choosing at Defendant's expense; (3) and award of costs and attorneys fees to Plaintiff in connection with enforcement of the injunction; (4) consent to an order of civil contempt; (5) a recall of all allegedly infringing shoes shipped to distributors; (6) corrective advertising to be issued by Defendant; and (7) a $1,000/day fine. *Id.* Such a demand is illustrative of the style in which this case has been litigated by Plaintiff thus far. Plaintiff clearly aims to bury Defendant's with aggressive litigation tactics and demands.

---

[1] Contrary to Plaintiff's assertions in its motion, Plaintiff has been entirely unreasonable and has thwarted all efforts to settle this action. The parties negotiated for months and had agreement on settlement terms long ago, prior to the Plaintiff's motion for preliminary injunction was granted. *See* Buell Dec. ¶¶10-11. At the eleventh hour, Plaintiff pulled the settlement proposal off the table without explanation.

2

Defendant has stopped selling these alleged infringing shoes into the United States. He has done so voluntarily. Buell Dec. ¶¶6, 12-14. He has gone to great cost and expense to redesign his product to avoid the elements that Plaintiff claim are proprietary. He has done so despite the fact that Plaintiff owns no trademark registrations, no patents and no copyrights in or to the design of its shoes or the packaging which Plaintiff alleges is infringed. In fact, Plaintiff has made no showing that it owns any rights in or to the product configuration of the product packaging. It is very difficult to protect the unregistered trade dress in a product's configuration, especially with respect to clothing items, which, in and of themselves, are deemed functional. It is Plaintiff's burden to prove the protectability of the trade dress by proving that first, the product configuration trade dress is "distinctive as to the source" of the goods, second that there is likelihood of confusion between Plaintiff's goods and defendants' goods and, third that the configuration sought to be protected is not functional. *See e.g., Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch Co.*, 292 F. Supp. 2d 535, 541-45. Plaintiff has come forth with none of this proof at this early stage of the litigation; Plaintiff has only made bold assertions of protectability of elements of a trade dress that, on their face, appear to be functional in nature, such as a black sole, white hand stitching, an asymmetrical, round-boxy look, a roomy toe box, and a white sewn-in tag on the end of the Velcro strap. *See* Complaint at ¶17.

Plaintiff, despite the fact that it has not even proven ownership of a protectable trade dress, is making overbearing demands on an alleged infringer that has already agreed to stop shipping the alleged infringing product, and who has taken measures, at his own cost and expense, to redesign the product. Plaintiff's bullying litigation tactics

should not be countenanced. Thus, Defendant respectfully requests that Plaintiff's Motion for Contempt be denied in its entirety, including the request for expedited discovery, since such a request is completely unwarranted under the circumstances.

Dated: New York, New York
August 15, 2008

By: /s/ Robert E. Hanlon
Robert E. Hanlon (RH-8794)
ALSTON & BIRD LLP
90 Park Ave.
New York, New York 10016
(212) 210-9400
*Attorneys for Defendant
Robert Thomas Buell*