UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEDIPED INFANT FOOTWEAR LLC,<br><br>          Plaintiff,<br><br>          v.<br><br>KUDOS LEATHERGOODS LTD d/b/a JACK AND LILY and ROBERT THOMAS BUELL, Individually,<br><br>          Defendants | 08-CIV-3572 (LTS) |

**DECLARATION OF ROBERT E. HANLON IN SUPPORT OF DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CIVIL CONTEMPT, EQUITABLE AND MONETARY SANCTIONS, AND EXPEDITED DISCOVERY**

Robert E. Hanlon declares as follows:

    1.    I am partner in the law firm of Alston & Bird LLP ("A&B") and am a member in good standing of the Bars of the States of New York and New Jersey, the United States District Courts for the Southern and Eastern Districts of New York and the Districts of New Jersey and Arizona, the United States Court of Appeals for the Second Circuit and the United States Supreme Court. I am familiar with the facts and circumstances in this action.

    2.    My firm and I serve as counsel to Defendant Robert Thomas Buell in this action.

    3.    I submit this declaration in support of Defendant's Memorandum In Opposition to Plaintiff's Motion for Civil Contempt, Equitable and Monetary Sanctions, and Expedited Discovery.

4. Attached hereto as Exhibit 1 is a true and correct copy of email correspondence between me and Deborah Wilcox, Esq., counsel for Plaintiff dated July 31 and August 1, 2008 regarding the inadvertent sales.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct

Dated: New York, New York
August 15, 2008

_____
Robert E. Hanlon, Esq.

# Exhibit 1

Case 1:08-cv-03572-LTS-THK   Document 46-2   Filed 08/15/2008   Page 1 of 6

## Holzman, Lara

**From:** Wilcox, Deborah [DWilcox@bakerlaw.com]
**Sent:** Friday, August 01, 2008 5:04 PM
**To:** Hanlon, Robert
**Cc:** Holzman, Lara; Gebhardt, Brandt W.
**Subject:** RE: Contempt Motion

Dear Robert,

We have reviewed your proposal, but it is not sufficient to remedy the violations or address the issue of verification of Mr. Buell's statements, especially in light of the history of false statements we have already encountered as to quantities and events during the protracted settlement talks. We will be filing our motion for contempt with the Court. Regards, Deborah

---

**From:** Hanlon, Robert [mailto:Robert.Hanlon@alston.com]
**Sent:** Friday, August 01, 2008 12:28 PM
**To:** Wilcox, Deborah
**Cc:** Holzman, Lara
**Subject:** RE: Contempt Motion

Dear Deborah,

As we have indicated, our client has endeavored in good faith to comply with the injunction, and any shortcoming was inadvertent. We cannot, therefore, agree that he be deemed in contempt. In particular, Mr. Buell, individually, did not send out the shoes, was not aware that they were being sent out, took reasonable steps to prevent them being sent out, and has since taken additional steps.

If it would provide reassurance to your client, we can arrange to get a sworn statement outlining the steps taken and the amounts at issue.

As to recall, we do not believe that this is appropriate, and would inconvenience the recipients unduly. This is especially unnecessary given the small numbers at issue. The remaining demands are equally overbroad and unjustified. As we previously said, our client will pay pediped the full value (not just the profits) as compensation for incidental costs associated with your bringing this to our attention.

I will be out of the office and unreachable until August 13, but this matter will be handled by my colleague, Lara Holzman (212-210-9553), in my absence. Please feel free to give her a call if you wish to discuss this further.

Bob Hanlon

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Robert E. Hanlon
**Alston & Bird LLP**
90 Park Avenue
New York, New York 10016
(212) 210-9410 (tel)
(212) 210-9444 (fax)
robert.hanlon@alston.com

8/11/2008

This email message is intended for the personal and confidential use of the individual/entity that is the named addressee. It may be an attorney-client communication and as such may contain information that is legally privileged or confidential or otherwise legally exempt from disclosure. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please notify the sender and delete this e-mail message from your computer.

---

**From:** Wilcox, Deborah [mailto:DWilcox@bakerlaw.com]
**Sent:** Thursday, July 31, 2008 5:01 PM
**To:** Hanlon, Robert
**Subject:** Contempt Motion

Dear Bob,

Your proposal to resolve this serious contempt issue falls short. It glosses over all but one of the categories of relief demanded in my previous letter. We reject your proposal for the following reasons.

First, given our previous settlement dialogue with your client's Canadian counsel, in which several representations as to the quantity of shoes at issue were later admitted to be way off the mark, we require more than Mr. Buell's unsworn statement that the information below is accurate. As you know, despite promises to cooperate, we have no documentation from Mr. Buell as to the volume of shoes made, shipped to Kudos, and shipped to customers, either before or after the injunction. We have articulated on many occasions, including in Court last week, that we cannot simply rely on unsubstantiated statements from Mr. Buell and need the opportunity to review all relevant documents and cross-examine Mr. Buell (and perhaps others) under oath to get to the truth. We have every reason to suspect that there have been additional violations of the Court's order that need to be addressed immediately.

To resolve this short of a motion to the Court, we need Mr. Buell to stipulate to expedited discovery as to both the violations of the injunction and our client's underlying claims. We further require that within thirty days Mr. Buell submit to an audit by a certified public accountant, of pediped's choosing and at Mr. Buell's expense, regarding all sales and other activity that may be covered by the injunction.

Second, in addition to disgorgement of revenue from violations of the injunction, our client needs to be compensated for costs and attorneys' fees incurred in its enforcement efforts relating to the injunction.

Third, equitable sanctions for the violations are appropriate. It is incredulous that a small company would not exercise sufficient control to avoid violating a federal order until caught red-handed. The failure to obey the injunction appears willful, given that only one person was supposedly involved in the shipping and thus it certainly could not have been a difficult process to make sure that no shoes were shipped. Further injunctive relief is warranted in this situation.

Defendants must consent to an order that (1) deems them in civil contempt; (2) requires them immediately to recall the My Shoes shipped at any time, excluding those shipped to end consumers; (3) confirms their existing preservation obligations with respect to the My Shoes and all other evidence in their possession during the pendency of this action, and stores the My Shoes at a separate facility to be verified by an independent third party, to avoid the risk of the shoes continuing to be shipped; (4) requires corrective advertising approved by pediped; (5) requires within thirty days a sworn report regarding their compliance with the preliminary injunction and remedial order; and (6) imposes a fine of $1,000 for each day Defendants are in violation of the preliminary injunction or remedial order.

If your client does not agree to all of these terms by noon Eastern tomorrow, we are prepared to proceed with our motion before the Court.

8/11/2008

**From:** Hanlon, Robert [mailto:Robert.Hanlon@alston.com]
**Sent:** Thursday, July 31, 2008 12:21 PM
**To:** Wilcox, Deborah
**Subject:** FW: Inadvertent sales

Dear Deborah

In an effort to resolve the issue you raised, we have inquired of our client about the questions you posed yesterday. Please find the responses below.

1. What steps were taken after the initial injunction to advise staff not to ship My Shoes? In particular, were there written instructions?

Mr. Buell explained to his shipping manager that no further 'My Shoes' should be shipped to the U.S. They only have one individual responsible for shipping. There were no written instructions.

2. What steps have now been taken to ensure that no further shipments will occur?

They have removed all remaining inventory of 'My Shoes' from the factory floor and have put them in a different room.

3. How many individual orders did the 38 pair represent?

5 separate PO's and each order included some 'original' collection goods as well.

4. Have the redesigned shoes been shipped in the U.S. to date?

No.

As we indicated, no further orders of the My Shoes items covered by the injunction will be shipped to the U.S. and Defendants have offered to pay the full value of the orders shipped (not just profits) for this error (approximately $600).

Bob Hanlon


************************
Robert E. Hanlon
**Alston & Bird LLP**
90 Park Avenue
New York, New York 10016
(212) 210-9410 (tel)
(212) 210-9444 (fax)
robert.hanlon@alston.com
This email message is intended for the personal and confidential use of the individual/entity that is the named a

************************************************************
IRS Circular 230 disclosure: To ensure compliance with requirements impos

NOTICE: This e-mail message and all attachments transmitted with it
may contain legally privileged and confidential information intended
solely for the use of the addressee. If the reader of this message is not
the intended recipient, you are hereby notified that any reading,
dissemination, distribution, copying, or other use of this message or its
attachments is strictly prohibited. If you have received this message in
error, please notify the sender immediately by telephone
(404-881-7000) or by electronic mail (postmaster@alston.com), and
delete this message and all copies and backups thereof. Thank you.

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by

NOTICE: This e-mail message and all attachments transmitted with it
may contain legally privileged and confidential information intended
solely for the use of the addressee. If the reader of this message is not
the intended recipient, you are hereby notified that any reading,
dissemination, distribution, copying, or other use of this message or its
attachments is strictly prohibited. If you have received this message in
error, please notify the sender immediately by telephone
(404-881-7000) or by electronic mail (postmaster@alston.com), and
delete this message and all copies and backups thereof. Thank you.

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately

8/11/2008

by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

---

8/11/2008